# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MARC GIBBONS,

    Defendant.

No. 17-CR-4042-LTS

**REPORT AND RECOMMENDATION**

_____

Defendant Marc Gibbons moves to dismiss, pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure, the allegation under 18 U.S.C. § 922(g)(1) contained in Count 1, arguing it would result in punishment for multiple offenses and violate the prohibition against Double Jeopardy. Doc. 18. The Government resists the motion, arguing that it properly alleged separate 922(g) violations in the same count and that the Double Jeopardy Clause would not be violated because only one conviction could result from the indictment. For the reasons set forth herein, I recommend **denying** Defendant' motion to dismiss.

## *I. BACKGROUND*

The indictment in this case, returned by a grand jury on June 22, 2017, charges Defendant in Count 1 with illegally possessing a single firearm (a Rock Island Armory, GI Standard FS 1911, .45 ACP, SN RIA1237045) on or about March 10, 2017, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Doc. 2. The Government alleges in the indictment that Defendant was prohibited from possessing that firearm on the date listed in two ways: Defendant was an unlawful user of a controlled substance

(methamphetamine), in violation of 18 U.S.C. § 922(g)(3); and Defendant had been convicted of one or more crimes punishable by a term of imprisonment exceeding one year in violation of 18 U.S.C. § 922(g)(1), specifically, an April 2015 conviction for possession of methamphetamine third or subsequent offense and a May 2009 conviction for delivery or conspiracy to deliver marijuana. Doc. 2. Defendant is proceeding pro se in this case (Docs. 13, 25), and filed the pending motion to dismiss on August 10, 2017 (Doc. 18), and brief in support on August 16, 2017 (Doc. 24). The Government filed a timely resistance on August 14, 2017 (Doc. 22), to which Defendant filed a reply on August 18, 2017 (Doc. 27). I conducted a hearing on the motion on August 29, 2017 (Doc. 30).

## *II. DISCUSSION*

Defendant's motion is filed pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), which governs pretrial motions to dismiss due to "a defect in the indictment . . . , including: (i) joining two or more offenses in the same count (duplicity)[, and] (ii) charging the same offense in more than one count (multiplicity)." Fed. R. Crim. P. 12(b)(3)(B)(i) & (ii). In his pleadings, Defendant argues [1] the indictment is multiplicitous and prejudicial. Doc. 18, 24, 27. It appears that, based on a review of the indictment (which contains a single count alleging Defendant was prohibited in two separate ways from possession of the listed firearm on the date charged) and Defendant's citation to Rule 12(b)(3)(B) without specifying subsection (i) or (ii), that Defendant may be arguing duplicity rather than multiplicity. At the hearing, Defendant clarified that he is only seeking dismissal of a portion of Count 1 rather than the entire charge[2] because

---

[1] Defendant also argues that the indictment would allow the government "unusable plea bait" and "unconstitutional power." Doc. 24. This argument lacks legal authority and I will therefore not address it (aside from reference to the government's ability to file charges contained in my discussion of multiplicity in Section A).

[2] I decline to further construe Defendant's motion as a motion to strike or for other relief.

2

the way it is presented is misleading and would lead him to believe he is facing two potential sentences for a single charge. I will address Defendant's argument of multiplicity and his apparent argument of duplicity in turn below.

### A. *Multiplicity (Multiple Counts for a Single Offense)*

The Double Jeopardy Clause prohibits multiple punishments for a single criminal offense. *See United States v. Platter*, 514 F.3d 782, 785 (8th Cir. 2008); *United States v. Gamboa*, 439 F.3d 796, 809 (8th Cir. 2006); *United States v. Roy*, 408 F.3d 484, 491 (8th Cir. 2005). Rule 7(c) of the Federal Rules of Criminal Procedure, governing the contents of Indictments, provides: "[t]he indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . . A count may allege . . . that the defendant committed it by one or more specified means." Fed. R. Crim. P. 7(c). The purpose of this rule is "to eliminate the use of multiple counts for the purpose of alleging the commission of the offense by different means or in different ways." Fed. R. Crim. P. 7, adv. comm. note (c)(2) (1944). "An indictment is multiplicitous if it charges the same crime in separate counts." *Platter*, 514 F.3d at 785.

Section 922(g) provides nine separate ways in which a person can unlawfully possess a firearm, which include when the person is a felon (having been convicted of an offense punishable by a term of imprisonment exceeding one year) and when the person is an unlawful user of a controlled substance. 18 U.S.C. § 922(g). When a defendant who is both a felon and an unlawful user of a controlled substance engages in a single act of possessing a firearm, that act of possession constitutes a single offense under 18 U.S.C. § 922(g) for unlawful possession of a firearm. *Gamboa*, 439 F.3d at 808 (citing *United States v. Richardson*, 439 F.3d 421, (8th Cir. 2006) (en banc)). "Generally, the government is free to prove a defendant's liability for one criminal offense using multiple theories of guilt," as recognized by Federal Rule of Criminal Procedure 7(c). *Platter*,

514 F.3d at 786. The government is not required to elect a single theory of liability. *See id.* at 787. This court recently reiterated the procedure clearly set forth by the Eighth Circuit for charging multiple theories of unlawful possession of a single firearm on a single date under 18 U.S.C. § 922(g):

> [W]e direct the government in future cases to our prior holding that, where a "statute specifies two or more ways in which one offense may be committed, all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the methods will sustain a conviction." *Gerberding v. United States*, 471 F.2d 55, 59 (8th Cir. 1973). This method of procedure would adequately inform the defendant of each allegation that he must defend against while solving any potential multiplicity problems.

*United States v. Hays*, CR14-4082-LTS, 2017 WL 1955334, at *3 (N.D. Iowa 2017) (alteration in original) (quoting *United States v. Roy*, 408 F.3d 484, 492 n.4 (8th Cir. 2005)).

In the present case, the indictment alleges possession of the same firearm on the same date. The government alleges Defendant was prohibited from possessing that firearm in two distinct ways, as a felon and as an unlawful user. Both case law and Rule 7(c) of the Federal Rules of Criminal Procedure dictate that the charge may be filed in this manner. The indictment charges only one violation of Section 922(g), and even though multiple grounds are alleged as to how Defendant was prohibited from possessing the alleged firearm on the date charged, Defendant is subject to a single conviction and punishment if convicted based on either or both prohibitive grounds alleged in the indictment. Accordingly, the indictment is not multiplicitous and properly charges two theories of how Defendant is alleged to have been prohibited from possessing the listed firearm on the date charged.

### B. Duplicity (Multiple Offenses Included in a Single Charge)

An indictment is duplicitous when "distinct and separate *offenses* are joined together in the same count." *United States v. Stegmeier*, 701 F.3d 574, 581 (8th Cir. 2012). A duplicitous indictment raises concerns because it could "lead the jury to convict without unanimous agreement on the defendant's guilt with respect to a particular offense." *Id.* Such risk can be cured through instruction to the jury at trial that they must unanimously agree that the defendant committed one distinct act in order to return a guilty verdict. *See United States v. Pietrantonio*, 637 F.3d 865, 869 (8th Cir. 2011).

In this case, the indictment is not duplicitous because, as discussed above, it alleges a single violation of a single statute (the prohibited possession of a particular on a particular date). As such, it is not duplicitous. *See Stegmeier*, 701 F.3d at 581 (citing *Richardson*, 439 F.3d at 422). Any risk that a trial verdict may not be unanimous could be addressed through a limiting instruction at trial. Therefore, the indictment in this case is not duplicitous, and even if it were, dismissal is not the proper remedy.

### III. CONCLUSION

For the reasons set forth above, I respectfully recommend that Defendant's motion to dismiss (Doc. 18) be **denied**.

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections. LCrR 59. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report

and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**DATED** this 1st day of September, 2017.

*[signature]*
Kelly K.E. Mahoney
United States Magistrate Judge
Northern District of Iowa