# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR17-4042-LTS |
| vs. | **ORDER** |
| MARC GIBBONS, | |
| Defendant. | |

This matter is before me on a Report and Recommendation (R&R) (Doc. No. 33) in which the Honorable Kelly K.E. Mahoney, United States Magistrate Judge for the Northern District of Iowa, recommends that I deny defendant's motion (Doc. No. 18) to dismiss a portion of Count 1 of the indictment. Defendant filed a timely objection (Doc. No. 36) to the R&R and plaintiff (the Government) filed a response (Doc. No. 39).

## I. BACKGROUND

### A. *Relevant Facts*

On June 22, 2017, a grand jury returned an indictment (Doc. No. 2) charging defendant Marc Gibbons with one count of illegally possessing a single firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Defendant is charged with possessing a Rock Island Armory GI Standard FS 1911, .45 ACP, S/N RIA1237045 on or about March 10, 2017. The Government alleges he was prohibited from possessing the weapon for two reasons: he was an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3) and he had been convicted of one or more crimes punishable by a term of imprisonment exceeding one year in violation of 18 U.S.C. § 922(g)(1). Defendant filed a pretrial motion to dismiss (Doc. No. 18) pursuant to Federal Rule of

Criminal Procedure 12(b)(3)(B) asking that I dismiss a portion of Count 1 of the indictment, specifically the portion citing §922(g)(1).

### B. The R&R

In his motion to dismiss a portion of Count 1, defendant argues that the indictment is multiplicitous and prejudicial because he is charged with two violations of Section 922(g) for a single act of possession. Doc. No. 24 at 1; Doc. No. 27 at 1. He also argues that the indictment violates the Double Jeopardy Clause. Doc. No. 18 at 1–2. In its response, the Government argues that the indictment is proper and does not violate the Double Jeopardy Clause because, if convicted for the offense, defendant would receive only a single felony conviction. Doc. No. 22 at 3. The Government further argued that the indictment is not multiplicitous or prejudicial because it lists separate alleged violations of Section 922(g) as alternatives to the one violation incident. *Id.*

Judge Mahoney addressed both the multiplicity argument and the issue of duplicity. Doc. No. 33. She concluded that the indictment is not multiplicitous because it alleges a single instance of possession of a single firearm on a single day. *Id.* at 4. The indictment charges only one violation of Section 922(g) but alleges multiple grounds for meeting one of the elements for that violation. *Id.* She also concluded that the indictment is not duplicitous because it only alleges a single violation of a single statute, and any concern about jury unanimity on the element of prohibited possession can be addressed with a limiting jury instruction. *Id.* at 5.

## II. APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings

> or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a *de novo* review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g., Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. DISCUSSION

#### A. *The Objection*

In his objection, defendant argues that the indictment "clearly states multiple violations" rather than charging only one violation of Section 922(g) and listing multiple grounds for that violation. Doc. No. 36 at 1. He further argues that listing the multiple grounds of violation as shown on the indictment, and the Government's argument that it

properly alleged "separate 922(g) violations," indicates the Government's intent to obtain multiple convictions. *Id.* The Government responds that it has broad discretion in conducting criminal prosecutions and that:

> the government would be able to prove the first element of [illegally possessing a firearm] with evidence showing that an individual falls into one or more classes [of prohibited persons] as long as the 'multiple theories of guilt' are listed in the indictment in a single count for each incident of unlawful possession of a firearm.

Doc. No. 39 at 4.

### B. *Analysis*

The Double Jeopardy Clause prohibits multiple convictions for the same conduct arising from the same incident. *United States v. Bennett*, 44 F.3d 1364, 1368 (8th Cir. 1995). "An indictment is multiplicitous if it charges the same crime in separate counts." *United States v. Platter*, 514 F.3d 782, 785 (8th Cir. 2008). The danger of multiplicity is that a defendant may receive multiple punishments for one offense. *United States v. Roy*, 408 F.3d 484, 492 (8th Cir. 2005). The *Roy* court found a multiplicity problem when the Government charged the defendant with two counts of assault arising from a single instance of conduct. *Roy*, 408 F.3d at 491. The first count was assaulting an officer and causing serious bodily injury in violation of 18 U.S.C. §§ 111(a)(1) and (b). *Id.* The second count was assaulting the same officer with a deadly and dangerous weapon in violation of the same statute. *Id.* The court found that the two counts alleged "two alternative manners of committing the same offense." *Id.* The court ultimately held the charges were multiplicitous because they were the same offense arising out of a single factual occurrence. *Id.*

In *United States v. Richardson*, the Eighth Circuit addressed a case in which the defendant was charged with two separate counts of unlawful possession of a firearm, one for being a felon and one for being a drug user. 439 F.3d 421, 422 (8th Cir. 2006). The court stated that the allowable unit of prosecution must be the incident of possession,

4

"regardless of whether a defendant satisfied more than one [Section] 922(g) classification." Thus, separate convictions for Sections 922(g)(1) and (g)(3) arising from a single act of possession were multiplicitous. The court vacated the defendant's sentence and ordered that the two counts of conviction be merged into one count. *Id.* at 422–23. Based on *Richardson*, the court ruled in *United States v. Gamboa* that the defendant's two convictions for being a felon in possession of a firearm and for being a fugitive in possession of a firearm be merged into one and the second conviction be vacated. 439 F.3d 796, 808 (8th Cir. 2006).

In *Platter*, the Eighth Circuit found no multiplicity problem or Double Jeopardy violation when the defendant was convicted and punished for a single violation of Section 922(g), despite the fact that the jury found the defendant guilty under two theories of liability: being a felon in possession of a firearm and being a drug user in possession of a firearm. 514 F.3d at 784, 786. The court stated that the Government is generally allowed to prove a defendant's liability for a single offense using multiple theories of guilt. *Id.* When a statute specifies more than one way in which it can be violated, proof of any one method is sufficient but multiple methods may be alleged conjunctively. *Id.* Rule 7 of the Federal Rules of Criminal Procedure likewise states that a count "may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means." Fed. R. Crim. P. 7.

Section 922(g) lists nine classes of persons who are prohibited from possessing a firearm. 18 U.S.C. §§ 922(g)(1)–(g)(9) (2015). Two of those classes are persons who have been convicted of a felony and persons who are unlawful users of a controlled substance. *Platter*, 514 F.3d at 784; 18 U.S.C. §§ 922(g)(1), (g)(3). The Government's decision to present evidence that a defendant is both a felon and drug user in possession of a firearm in order to prove a single element of Section 922(g) is not, by itself, prohibited and the Government is not required to choose only one theory of illegal possession to present at trial. *Platter*, 514 F.3d at 787.

I addressed a similar issue in *United States v. Hayes,* No. CR14-4082-LTS, 2017 WL 1955334 (N.D. Iowa May 11, 2017). There, I held that an indictment charging separate counts under 18 U.S.C. § 922(g) arising from the same incident of possession presented a multiplicity problem that violated the Double Jeopardy Clause. *Id.* at *3. In that case the defendant was originally charged with one count of possession of a firearm by a felon in violation of Section 922(g)(1) and another count of possession by a prohibited person in violation of Sections 922(g)(9) and (2). *Id.* at *1. I stated that the Government should have listed the separate alleged violations of Section 922(g) as alternatives under one count. *Id.* at *3. Because defendant was convicted on multiple counts for the same conduct arising from the same incident, I dismissed Count 1 of the indictment and vacated the conviction on that count. *Id.* at *5.

Here, the indictment charges only one count of unlawful possession based on a single incident of possession. Doc. No. 2. The indictment lists two theories as to how defendant allegedly violated Section 922(g): (1) being a felon in possession and/or (2) being an unlawful user of a controlled substance in possession. Doc. No. 2. These are listed as alternatives under one count of unlawful possession of a firearm. If defendant is convicted under either theory or both theories, he will have only one conviction for the single incident of possession, despite the Government's characterization that it had properly alleged "separate 922(g) violations."

This situation is akin to that in *Platter*, wherein the defendant was convicted on one count under multiple theories of criminal liability. Unlike the indictments in *Richardson*, *Roy* and *Hayes*, the indictment here does not list multiple counts for the same offense. Instead, it lists alternative grounds for a single offense, which complies with my directions in *Hayes*. There is no multiplicity issue here that would violate the Double Jeopardy Clause.

Defendant also raises a duplicity argument. Duplicity occurs when separate offenses are joined in a single count. *United States v. Stegmeier*, 701 F.3d 574, 581 (8th Cir. 2012). The danger with duplicity is that a jury could potentially convict a defendant

without unanimously agreeing on his guilt regarding a particular offense. *Id*. Here, defendant is charged with only one offense under one count: a single incident of possession in violation of 18 U.S.C. § 922(g). Concerns regarding unanimity on multiple theories of liability may be addressed by the jury instructions and the verdict form. *See United States v. Pietrantonio*, 637 F.3d 865, 871 (8th Cir. 2011) (explaining that where an indictment is not duplicitous on its face but evidence presented at trial creates a unanimity concern, a jury instruction may be given to cure the defect). The indictment is not duplicitous.

## IV. CONCLUSION

For the reasons set forth herein:

1. Defendant's objection (Doc. No. 36) to Judge Mahoney's R&R (Doc. No. 33) is **overruled** and I **accept the** R&R without modification. *See* 28 U.S.C. § 636(b)(1).

2. Defendant's motion to dismiss (Doc. No. 18) is **denied**.

**IT IS SO ORDERED.**

**DATED** this 15th day of September, 2017.

_____
Leonard T. Strand, Chief Judge